CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

MAY 11 2005

JOHN F. CORCORAN, CLERK
BY:
      DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| UNITED STATES,<br>    Plaintiff, | )<br>)<br>) | |
| v. | ) | Civil Action No. 4:04-CR-70083-1 |
| | ) | |
| LANNY BENJAMIN BODKINS,<br>    Defendant. | )<br>) | By:   Michael F. Urbanski<br>       United States Magistrate Judge |

| | | |
|---|---|---|
| UNITED STATES,<br>    Plaintiff, | )<br>)<br>) | |
| v. | ) | Civil Action No. 4:04-CR-70083-2 |
| | ) | |
| ANTOINE PLUNKETT,<br>    Defendant. | )<br>) | |

### REPORT AND RECOMMENDATION

By Order dated December 28, 2004, the undersigned was designated to hear and determine further requests for the authorization of investigative, expert or other services necessary for adequate representation; hear and determine all motions to seal; and review and approve interim CJA vouchers to the extent that they are reasonably necessary for adequate representation for the indigent defendants in this capital case. In carrying out this obligation, the undersigned has consulted with the Office of Defender Services in the Administrative Office of United States Courts, Federal Death Penalty Resource Counsel and the Financial Administrator for the U.S. District Court for the Western District of Virginia.

Pursuant to 21 U.S.C. § 848 (q)(9), defense counsel requested approval of certain investigative, expert or other services reasonably necessary for the representation of the

defendants. At the request of the undersigned and as recommended in the Guide to Judiciary Policies & Procedures, Appointment of Counsel in Criminal Cases, Vol. VII, § 6.02F, counsel submitted proposed budgets for the defense of this case under seal. Consistent with the requirements of the Guide, the case budgets were "submitted *ex parte* and filed and maintained under seal." Id.

In these budget submissions and related correspondence, defense counsel provided detailed explanations for the requested expenditures which, by necessity, revealed defense theory and strategy in this case.

Further, as recommended in the Guide, the undersigned convened an "*ex parte* pretrial conference in order to facilitate reaching agreement on a litigation budget," Guide, Vol VII, § 6.02F(2). This *ex parte* pretrial conference was convened on April 5, 2005, at which time the proposed budgets were explained to the court as well as defense counsel's detailed rationale and explanation for the requested expert, investigative and other services.

Consistent with the Vol. VII, § 6.03A of the Guide and 21 U.S.C. § 848(q)(9), the materials provided prior to the hearing in connection with the budgets and the information exchanged at the hearing on April 5, 2005 provided a proper showing for the need for confidentiality regarding this proceeding.

In particular, both prior to and the hearing, counsel explained to the court its need for the various expert, investigative and other services and in so doing discussed various defense strategies and theories. Detailed explanations were provided regarding the use of certain experts, investigators and other services which reflect defense strategy, and it would be inappropriate to provide this information to the prosecution.

Therefore, a clear showing having been made for the need for confidentiality of this information, it is recommended that the budgets and communications with counsel, both in writing and in the *ex parte* hearing, remain under seal pursuant to 21 U.S.C. § 848(q)(9) and Vol. VII, §§ 6.02 and 6.03 of the Guide to Judicial Policies and Procedures.

The final question concerns whether the orders of the court authorizing the expenditures for investigators and experts should remain under seal. There are countervailing policy considerations concerning this issue. On the one hand, given the cost of capital cases, sound public policy suggests that the public be cognizant of the costs of these cases. On the other hand, the fact that defendants are indigent ought not provide an advantage to the prosecution by gaining earlier than appropriate access to the intentions and strategic decisions of a defendant in a capital case. Indeed, were these defendants not indigent and instead paying for experts and investigators out of their own funds, the prosecution would not have any access to this information outside of the normal discovery process. On balance, the undersigned is of the opinion that as appropriate information regarding experts will be timely exchanged during the discovery process as set forth in the December 29, 2004 Amended Joint Discovery and Inspection Order, there is no reason to provide the government with a sneak peek into defense strategy simply because a defendant is indigent. While the fact that these funds are public and must be safeguarded provides a rationale for ultimate disclosure of the cost of the defense of these cases, information regarding the cost of the defense of this case will be made available to the public at some point. To provide details of the budgets, requests and orders during the prosecution, however, carries with it a possible prejudice to the defendants that outweighs public disclosure of information that reveals defense strategy and intentions at this point.

It is **RECOMMENDED**, therefore, that the capital defense budgets, written and oral explanations, and orders approving defense expenditures remain under seal pending the trial of this case.

## NOTICE TO PARTIES

The Clerk is directed to immediately transmit the record in this case to the Honorable Glen E. Conrad, United States District Judge. Both sides are NOTIFIED that pursuant to Rule 72(b) they are entitled to note objections, if any they may have, to this Report and Recommendation within (10) days hereof. Any adjudication of fact or conclusion of law rendered herein by the undersigned not specifically objected to within the period prescribed by law may become conclusive upon the parties. Failure to file specific objections pursuant to 28 U.S.C. § 636(b)(1)(C) as to factual recitations or findings as well as to the conclusions reached by the undersigned may be construed by any reviewing court as a waiver of such objection. At the conclusion of the 10-day period, the Clerk is directed to transmit the record in this matter to the Honorable Glen E. Conrad, United States District Judge.

The Clerk is directed to send certified copies of this Report and Recommendation to all counsel of record.

Enter this 11th day of May, 2005.

Michael F. Urbanski
United States Magistrate Judge