CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

APR 03 2014

JULIA C. ———, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 4:04CR70083 |
| | ) | (CASE NO. 4:14CV80706) |
| | ) | |
| v. | ) | <u>MEMORANDUM OPINION</u> |
| | ) | |
| | ) | |
| LANNY BENJAMIN BODKINS, | ) | By: Hon. Glen E. Conrad |
| | ) | Chief United States District Judge |
| Defendant. | ) | |

Lanny Benjamin Bodkins, a federal inmate proceeding pro se, filed a pleading that he styled as a "Motion for Authorization to File a Second or Successive Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255 by a Prisoner in Federal Custody." Based on the nature of his claims and the fact that Bodkins has not previously filed any § 2255 motion, the court construed and docketed his submission conditionally as his initial § 2255 motion.[1] Because Bodkins has not responded to the conditional filing order entered in this case, the court now dismisses the § 2255 action without prejudice.

A district court must offer the defendant an opportunity to elect whether or not he objects to the court's stated intention to address his post-conviction motion as a § 2255 action. See Castro v. United States, 540 U.S. 375 (2003). In deciding whether or not to object to the court's construction of his submission as a § 2255, the defendant should consider particularly

---

[1] In construing Bodkins' motion as a § 2255 action, the court made no finding as to the likelihood that he is entitled to relief under § 2255, based on the motion's allegations.

§ 2255(f) (setting time limit for defendant to file a § 2255 motion) and § 2255(h) (limiting defendant's ability to file second § 2255).[2]

In this case, the court notified Bodkins of his options (1) to submit his written objection to the court's construction of his submission as a § 2255 motion, or (2) to elect to proceed under § 2255 by filing a properly executed § 2255 motion. The court also advised Bodkins that his submission appeared to be untimely under § 2255(f)(1) and that if he elected to proceed with his claims under § 2255, he should submit any additional argument or evidence regarding the time limits in § 2255(f). Finally, the court notified Bodkins that if he failed to comply with the order,

---

[2] These subsections of § 2255 read as follows:

(f) A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of--

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

. . . .

(h) A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain--

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(f) and (h).

either by objecting or by submitting a proper § 2255 motion, the conditionally filed § 2255 motion would be dismissed without prejudice.

Bodkins' response time has elapsed, and he has had no further communication with the court. Because he has neither objected to, nor adopted, the conditional construction of his submission as a § 2255 motion, his § 2255 motion will be dismissed without prejudice. Bodkins' motion as styled must also be denied. Under § 2255(h), only the circuit court of appeals, and not this court, may grant a defendant authorization to pursue a second or successive § 2255, as Bodkins requests. Moreover, because Bodkins has not previously filed a § 2255 motion, he need not seek any such authorization. Therefore, Bodkins' "Motion for Authorization to File a Second or Successive [§ 2255] Motion" must be denied. An appropriate order will enter this day.

The Clerk is directed to send copies of this memorandum opinion and accompanying order to the defendant.

ENTER: This 3rd day of April, 2014.

_____
Chief United States District Judge

3